UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JOHN GREGORY UNRUH, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:16-cv-0897-BTM-WVG<br><br>**ORDER:**<br><br>**1) DISMISSING CIVIL ACTION PURSUANT TO Fed. R. Civ. P. 8(a) AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)**<br><br>**AND**<br><br>**2) DENYING ALL PENDING MOTIONS AS MOOT**<br>**[Doc. Nos. 48, 50, 52, 54]** |

Plaintiff is proceeding pro se and has been granted leave to proceed in forma pauperis in this civil action (Doc. No. 27), which he first filed on April 14, 2016 (Doc. No. 1.)

**I.  Procedural History**

On May 16, 2016, the Court dismissed Plaintiff Complaint without prejudice because it failed to comply with FED. R. CIV. P. 8(a), but granted him leave to amend. (*Id.* at 4.) At the same time, the Court denied Plaintiff's Motion for Appointment of Counsel, a

Motion to E-File, a Motion for Temporary Restraining Order, a Motion to Compel, and a Petition for Writ of Mandate. (*Id.* at 4-5.) Plaintiff was advised that the Court would not accept for filing any documents other than a request for extension of time until he filed an Amended Complaint. (*Id.* at 5.)

On July 21, 2016, Plaintiff filed a 159-page First Amended Complaint ("FAC") (Doc. No. 45), together with 172 pages of lodged exhibits (Doc. No. 45-1.) As far as the Court can decipher, just as he did in his original Complaint, Plaintiff seeks to sue several private parties, including his wife Lindsay, the Superior Court of the County of San Diego, two Judges, three attorneys, a local law firm, the San Diego Police Department, the San Diego District Attorney, the San Diego County Public Defender, and a Deputy Public Defender based on allegations that they have committed acts of perjury, colluded and conspired against him, and have defrauded him in ongoing San Diego Superior Court family and criminal law proceedings involving the dissolution of his marriage, the non-disclosure of assets involving family trusts, child custody, visitation, support obligations, and real property disputes. *See* FAC (Doc. No. 45) at 1-2, 10-16.

Plaintiff's FAC alleges federal question jurisdiction pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1985 (Ku Klux Clan Act), as well as a host of other miscellaneous federal civil and criminal statutes, and IRS regulations. *Id.* at 17-45. He further seeks supplemental jurisdiction over state law claims pursuant to various provisions of the California Government Code, *id.* at 27-30, and other "Iowa Statutes of Relevancy." *Id*. at 30-33.

In addition to his FAC, Plaintiff has filed a Motion for Summons (Doc. No. 48), and has re-submitted his previously filed Motion to Electronically File Documents (Doc. No. 50), Motion for Appointment of Counsel (Doc. No. 52), and Motion for a Temporary Restraining Order (Doc. No. 54), in which he seeks to enjoin Defendant San Diego Superior Court Judge Paula Rosenstein, who is currently presiding over his family law and miscellaneous civil matters, from "rubber-stamping" proposed orders submitted by Defendant McArthur, his wife's attorney, in San Diego Superior Court Case No. D555614. *Id.* at 6-7.

## I. Screening of Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)

### A. Standard of Review

The court must subject each civil action in which the Plaintiff is proceeding IFP pursuant to 28 U.S.C. § 1915(a) to a mandatory screening, and order the dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim); *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Plaintiff is appearing pro se; consequently, the Court has and will continue to liberally construe his pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect ... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

Nevertheless, a complaint is subject to dismissal if it fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court

to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679.

Complaints must also comply Federal Rule of Civil Procedure 8, which requires that each pleading include a "short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). A district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling," and noting that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations.").

### B. Application to Plaintiff's Amended Complaint

The Court dismissed Plaintiff's original Complaint, "a 100-page disjointed, rambling account of wrongs that Plaintiff believes he has suffered at the hands of various Defendants" and "related to his marital dissolution proceedings" on May 16, 2016, but granted him leave to amend in order to comply with Rule 8's requirement that he plead a "short and plain statement" of the claim showing that he is entitled to relief. *See* FED. R. CIV. P. 8(a)(2); Doc. No. 27 at 2-3 (citing *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (holding that the district court did not abuse its discretion in concluding that plaintiff's complaints, which exceeded 70 pages in length, were confusing, conclusory, and not in compliance with Rule 8); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of

litigation … should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim.").

Curiously, Plaintiff's response to this Order was to file an even longer and more prolix pleading, together with 172 pages of exhibits and accompanied by several miscellaneous motions. (Doc. Nos. 45, 45-1, 48, 50, 52, 54.)

The only thing "plain" from both Plaintiff's original and his Amended Complaint, however, is that he seeks this Court's intervention in and "consolidat[ation]" of several ongoing San Diego Superior Court proceedings related to the dissolution of his marriage, the custody of and/or support obligations he owes to his soon-to-be-former spouse and children, and other Superior Court cases he has filed against his wife, and the Judge presiding over his cases. (Doc. No. 45 at 35-36.) In fact, it appears Plaintiff may have turned to this Court because he has been declared a vexatious litigant pursuant to CAL. CODE CIV. PROC. § 391(b)(3), is subject to pre-filing review in Superior Court, and has been ordered to pay $60,000 in sanctions to both his wife and her law firm pursuant to CAL. FAMILY CODE § 271 due to his vexatious state court litigation strategies. *See* FAC (Doc. No. 45-1) at 155-165, Pl's Ex. M "Findings and Order After Hearing" dated Feb. 26, 2016 in S.D. Superior Court Case No. D555614.

It is clear, however, that regardless of its length and verbosity, Plaintiff's FAC seeks relief this Court cannot provide.

First, federal courts are of limited jurisdiction—a district court judge cannot review, reverse, stay, or set aside any San Diego County Superior Court judgments involving Plaintiff's marriage, its dissolution, the division of community property or his spousal or parental rights or obligations. *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) (noting that a federal district court is a court of original jurisdiction and has no authority to review final determinations of state courts); *Dubinka v. Judges of Superior Court of State of Cal. for County of Los Angeles*, 23 F.3d 218, 221 (9th Cir. 1994). "[A] losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's

claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-487 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (both holding that federal court lacks subject matter jurisdiction to review final determinations of state courts and claims "inextricably intertwined" with final state court decisions, even if such "inextricably intertwined" claims were not raised in state court.); *see also Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998) (holding the *Rooker-Feldman* doctrine is jurisdictional).

Second, even if this Court *had* original jurisdiction over Plaintiff's claims, abstention is required. *See Younger v. Harris*, 401 U.S. 37 (1971). Abstention under *Younger*, through which a federal court seeks to avoid interference with *ongoing* state court proceedings, "is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091-92 (9th Cir. 2008) (footnote omitted). A federal court "must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.,* would interfere with the state proceeding in a way that *Younger* disapproves." *Id.* at 1092 (citing *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc)). *Younger* abstention applies not only where a federal action would interfere with a state criminal proceeding, but also "to federal cases that would interfere with state civil cases and state administrative proceedings." *Id.* (citing *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 627 (1986)).

Here, Plaintiff's FAC and its exhibits make clear that the various family court cases and related civil matters he seeks to "consolidate" into this case, *see* FAC at 35-36 (citing *Gavin B. Davis v. Lindsay A. Davis,* San Diego Superior Court Case No.: 37-2015-00033590-CU-OR-CTL, filed Oct. 5, 2015; *Gavin B. Davis v. Lindsay A. Davis*, San Diego

Superior Court Case No.: 37-2015-00036725-CU-FR-CTL, filed Nov. 2, 2015; *Gavin B. Davis v. Paula Rosenstein*, San Diego Superior Court Case No.: 37-2015-00037388-CU-CR-CTL, filed Nov. 5, 2015; *Gavin B. Davis v. Lindsay A. Davis*, San Diego Superior Court Case No.: 37-2016-00008724-CU-FR-CTL, filed March 14, 2016), as well as a related criminal proceeding, CD267655, for which he was arraigned on July 7, 2016, *id.* at 98, and arising from his dissolution proceedings in San Diego Superior Court Case No. D555614, were all ongoing at the time Plaintiff filed his FAC in this Court on July 21, 2016. Accordingly, the first condition precedent to application of *Younger* abstention has been satisfied.

It is also beyond dispute that marital dissolution and custody proceedings in the Superior Court implicate important state interests, *i.e.*, domestic and family relations. "'Family relations are a traditional area of state concern.'" *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (quoting *Moore v. Sims*, 442 U.S. 415 (1979)). Additionally, "a state has a vital interest in protecting 'the authority of the judicial system, so that its orders and judgments are not rendered nugatory.'" *Id.* (quoting *Juidice v. Vail*, 430 U.S. 327, 336 n.12 (1977)). And "[w]hile rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue," *Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 13 (2004), nothing in Plaintiff's FAC suggests this is one of those rare instances in which a federal court should interfere with "delicate issues of domestic relations" which are traditionally and best left to the state courts. *Id.* Therefore, the Court finds the second requirement of *Younger* abstention has also been met.

Next, nothing in Plaintiff's FAC provides this Court with reason to believe that Plaintiff would be barred from litigating any constitutional claims in the California courts. As noted above, Plaintiff's FAC and the exhibits he has attached document Plaintiff's zealous participation in several active state court proceedings related to his family law case. In fact, Plaintiff has filed no fewer than four separate civil actions against the parties involved in his family court case based on claims of fraud, deceit and for "civil rights

violations." (Doc. No. 45 at 35-36; *see also* Doc. No. 45-1 at 162 (noting that "[i]n addition to all of the *ex parte* and other motions outlined by the Court, [it] notes there are four civil suits currently on file by Mr. Davis, two against Ms. Davis, one against his mother-in-law, and one against Judge Rosenstein.")). Thus, the third *Younger* abstention requirement has been met.

Finally, the final *Younger* abstention requirement favors abstention because Plaintiff's federal court action would have the practical effect of enjoining the proceedings in the state court. Plaintiff expressly seeks an injunction directing the hand of Superior Court Judge Rosenstein "over any matters that [she] currently [p]resides over with respect to the Plaintiff," and he also requests Judge Rosenstein be "remove[d] … from presiding over" San Diego Superior Court Case No. D555614 altogether. (Doc. No. 54 at 9-10.) Granting Plaintiff this relief would have the effect of effectively invalidating decisions made in the Superior Court and directing future proceedings in that court. *See Gilbertson*, 381 F.3d at 977-80. Therefore, all of the requirements upon which application of *Younger* abstention is conditioned are met in this case.

For all these reasons, the Court dismisses Plaintiff's Amended Complaint pursuant to both FED. R. CIV. P. 8(a) and 28 U.S.C. § 1915(e)(2) without further leave to amend. Plaintiff has been previously provided with notice of his pleading deficiencies with respect to Rule 8, and has been given an opportunity to amend. His FAC now makes it "absolutely clear that the deficiencies of pleading could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II. Conclusion and Order

Based on the foregoing, the Court:

1) **DISMISSES** this civil action based on Plaintiff's failure to comply with FED. R. CIV. P. 8(a), and his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2);

2) **DENIES** all pending Motions (Doc. Nos. 48, 50, 52, and 54) as moot;

///

     3)    **CERTIFIES** that an IFP appeal of this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

     4)    **DIRECTS** the Clerk to enter a final judgment of dismissal and close the case.

**IT IS SO ORDERED**.

Dated:  August 3, 2016

*/s/ Barry Ted Moskowitz*
Barry Ted Moskowitz, Chief Judge
United States District Court