UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN GREGORY UNRUH, et al.,<br><br>        Defendants. | Case No.: 3:16-cv-0897-BTM-WVG<br><br>**ORDER:**<br><br>1) **DENYING MOTIONS TO ALTER OR AMEND JUDGMENT PURSUANT TO**<br>**Fed. R. Civ. P. 59(e) AND 60(b)**<br><br>**[ECF Nos. 60, 76]**<br><br>**AND**<br><br>2) **DENYING MOTIONS REQUESTING REMOVAL OF DEFENDANTS AND JOINDER AS MOOT**<br><br>**[ECF Nos. 64, 66]** |

  GAVIN B. DAVIS ("Plaintiff") proceeding pro se and in forma pauperis ("IFP"), has filed two motions to alter or amend this Court's August 4, 2016 Order and Judgment (ECF Nos. 55, 56) dismissing this civil action for twice failing to comply Fᴇᴅ. R. Cɪᴠ. P. 8(a) and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) (ECF Nos. 60, 76). In addition, Plaintiff has filed a "Motion Requesting

Removal of Defendants" (ECF No. 62), and a Motion and Notice of Joinder of additional parties pursuant to FED. R. CIV. P. 19 (ECF Nos. 64, 66). Plaintiff has also submitted a Memorandum, Declaration, and Lodgments in support of his opposition to a mental competency examination ordered by the San Diego County Superior Court in Case Nos. MH112708 and CD266332 (ECF Nos. 70, 72, 74).

## I.   Procedural History

Plaintiff filed his original Complaint in this case on April 14, 2016, together with a Motion for Leave to Proceed IFP (ECF Nos. 1, 2). On May 16, 2016, after he provided additional documentation in support of his IFP Motion and filed various other miscellaneous motions, the Court granted Plaintiff leave to proceed IFP, but dismissed his Complaint without prejudice because it failed to comply with Fed. R. Civ. P. 8(a) (ECF No. 27). Plaintiff was apprised of Rule 8's pleading requirements, and granted an opportunity to amend. (*Id.* at 4.)

On July 21, 2016, after he was twice granted extensions of time in which to amend (ECF Nos. 36, 41), Plaintiff filed a 159-page First Amended Complaint ("FAC") (ECF No. 45), together with 172 pages of lodged exhibits (ECF No. 45-1.) As far as the Court could tell, Plaintiff's FAC, like his original Complaint, sought to sue several private parties, including his soon-to-be-ex-wife Lindsay, the Superior Court of the County of San Diego, two Judges, three attorneys, a local law firm, the San Diego Police Department, the San Diego District Attorney, the San Diego County Public Defender, and a Deputy Public Defender based on allegations of perjury, collusion, conspiracy and fraud related to ongoing San Diego County Superior Court family and criminal law proceedings involving the dissolution of his marriage, the non-disclosure of assets via family trusts, child custody, visitation, support obligations, and real property disputes (ECF No. 45 at 1-2, 10-16).

Plaintiff's FAC alleged federal question jurisdiction pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1985 (Ku Klux Clan Act), as well as a host of other miscellaneous federal civil and criminal statutes, and IRS regulations. (ECF No. 45 at 17-45.) He further sought

supplemental jurisdiction over state law claims pursuant to various provisions of the California Government Code, and other "Iowa Statutes of Relevancy." (*Id.* at 27-33.)

In addition to his FAC, Plaintiff re-filed his previously denied Motion for Summons (ECF No. 48), Motion to Electronically File Documents (ECF No. 50), Motion for Appointment of Counsel (ECF No. 52), and Motion for a Temporary Restraining Order (ECF No. 54), in which he sought to enjoin Defendant San Diego Superior Court Judge Paula Rosenstein, who is currently presiding over his family law and miscellaneous civil matters, from "rubber-stamping" proposed orders submitted by Defendant McArthur, his wife's attorney, in San Diego Superior Court Case No. D555614. (*Id.* at 6-7.)

On August 4, 2016, the Court again dismissed Plaintiff's FAC for failing to comply with Rule 8, and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) (ECF No. 55).

First, the Court found Plaintiff's FAC prolix, convoluted, and peppered with conclusory allegations of a vast conspiracy against him. Therefore, the Court again dismissed his pleading for failing to include a "short and plain statement of the claim," and because it lacked the "simple, concise, [or] direct" allegations which might provide the defendants with fair notice of the wrongs they allegedly committed. (*Id.* at 4, citing FED. R. CIV. P. 8(a), (d); *McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996); *Cafasso, United States ex rel v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011)).

Second, the Court found that even "regardless of its length and verbosity," Plaintiff's FAC also required dismissal pursuant to 28 U.S.C. § 1915(e)(2) because it sought relief this Court cannot provide, and therefore failed to "state a claim that is plausible on its face." (*Id.* at 3, 5, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Specifically, the Court found that to the extent Plaintiff sought review of any final determinations made by the San Diego Superior Court involving the dissolution of his marriage, division of community property, or his spousal or child support rights or obligations, this Court lacked subject matter jurisdiction. (*Id.* at 5-6, citing *District of Columbia Court of Appeals v. Feldman*,

460 U.S. 462, 483-487 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998) (holding the *Rooker-Feldman* doctrine is jurisdictional)). Further, the Court found that to the extent Plaintiff sought to "consolidate" his ongoing state court cases in federal court, abstention under *Younger v. Harris*, 401 U.S. 37 (1971) was required. (*Id.* at 6-8, citing *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091-92 (9th Cir. 2008); *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc)).

Finally, the Court found that because Plaintiff had been previously provided with notice of his pleading deficiencies with respect to Rule 8 to no avail, and his FAC made it "absolutely clear" he could not cure the *Rooker-Feldman* or *Younger* abstention deficiencies by amending yet again, leave to do so was denied. (*Id.* at 8, citing *Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995)).

## II.     Plaintiff's Motions to Alter or Amend Judgment

Plaintiff has since filed two Motions seeking to alter or amend the judgment (ECF Nos. 60, 76.) Plaintiff's first Motion cites FED. R. CIV. P. 59(e), and it was filed on August 4, 2016—the same day the Court's judgment was entered (ECF No. 60).[1] In this Motion, Plaintiff argues that the Court "made an honest mistake" when it dismissed his FAC without specifically reviewing each of his "individual causes of action" and conducting a "full review of the facts" as pleaded and "clearly identified" in his FAC, the organization of which took "considerable time and thought," and which Plaintiff contends "is consistent in essence with the substantive matter of law before the land under Federal Rule 8." (*Id.* at 8-9, 12, 14.)

Before the Court could rule on his first Motion, Plaintiff filed a second Motion on August 26, 2016 (ECF No. 76), and also within the time provided by Rule 59(e). This

---

[1] FED. R. CIV. P. 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

Motion also seeks reconsideration of the Court's decision to sua sponte dismiss Plaintiff's FAC for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) because he "disagrees" with this "notion" and believes it to be a "prejudicial judgment." (*Id*. at 3-4.) Plaintiff also seeks reconsideration of the Court's certification that an appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), on grounds that it constitutes "opinion" and "bias against a self-litigant." (*Id.* at 4-5.)

### III. Standard of Review

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999). Rule 59(e) may not be used to "'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Neither of Plaintiff's Motions seek reconsideration based on newly discovered evidence or any intervening change in controlling law. *See Ybarra*, 656 F.3d at 998. Instead, Plaintiff appears to seek reconsideration on grounds that the Court committed "clear error" when it dismissed his FAC pursuant to Rule 8 and 28 U.S.C. § 1915(e)(2) and that therefore, its decision was "manifestly unjust." *Id.*

First, Plaintiff suggests the Court erred by "only reviewing the Introduction on page 10 of the [FAC] as grounds for dismissal," and failing to conduct "a full review of the facts" as pleaded (ECF No. 60 at 12). Plaintiff appears to believe that because the Court

cited only to the "Introduction" portion of his 159-page pleading when it summarized the bases of his claims, (*see* ECF No. 55 at 2), that it necessarily failed to thoroughly review and liberally construe the remainder of his pleading, including all 172-pages of the exhibits he attached in support, before concluding that his FAC failed to comply with Rule 8(a).

The "policy of construing pleadings liberally does not justify the conclusion that any document filed in a court giving some notice of a claim satisfies the requirements of the Federal Rules." *In re Marino,* 37 F.3d 1354, 1357 (9th Cir. 1994). Moreover, as the Court noted in both its May 16, 2016 and its August 4, 2016 Orders, Rule 8 specifically requires that a pleading "must contain" a "short and plain statement" of the grounds for jurisdiction and the claim, as well as a demand for relief sought. FED. R. CIV. P. 8(a). "Violations of this Rule warrant dismissal, but there are multiple ways that it can be violated." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). Some pleadings says too little. *See, e.g., Iqbal*, 556 U.S. at 678. Rule 8 is also violated, however, "when a pleading says too much." *Knapp*, 738 F.3d at 1109 (citing *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011); *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges")).

This was the case with Plaintiff's FAC. And just because the Court cited to relevant portions of his pleading in its Order in an attempt to concisely summarize the bases of Plaintiff's claims does not mean it ignored the rest. While not required to "waste[] half a day in chambers preparing the 'short and plain statement' which Rule 8 obligate[s] [the] plaintiff[] to submit," *McHenry*, 84 F.3d at 1179-80, that *is* what the Court attempted to do in order to simply and clearly describe the nature of his suit, and to determine the basis of its jurisdiction. The Court is not further required to comb through a pleading that violates Rule 8 in order to fish for a viable claim. *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

Moreover, to the extent Plaintiff implies that the Court has failed to liberally construe his pleadings, "[p]ro se litigants must follow the same rules of procedure that govern other

litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam); *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986). "The hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an 'advocate' for or to assist and guide the pro se layman through the trial thicket." *Jacobsen v. Filler*, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986) (quoting *United States v. Pinkey*, 548 F.2d 30, 311 (10th Cir. 1977)).

"A motion for reconsideration may not be used to get a second bite at the apple." *Campion v. Old Repub. Home Protection Co., Inc.*, No. 09-CV-00748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011). The purpose of Rule 59(e) is not to "give an unhappy litigant one additional chance to sway the judge. [A]rguments and evidence [that] were previously carefully considered by the Court, [ ] do not provide a basis for amending the judgment," *Kilgore v. Colvin*, No. 2:12-CV-1792-CKD, 2013 WL 5425313 at *1 (E.D. Cal. Sept. 27, 2013) (internal quotations omitted), and "[m]ere doubt[] or disagreement about the wisdom of a prior decision" is insufficient to warrant granting a Rule 59(e) motion. *Campion*, 2011 WL 1935967 at *1 (quoting *Hopwood v. Texas*, 236 F.3d 256, 273 (5th Cir. 2000)). For a decision to be considered "clearly erroneous" it must be "more than just maybe or probably wrong; it must be dead wrong." *Id.* A "movant must demonstrate a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)); *see also Garcia v. Biter*, No. 1:13-CV-00599-LJO-SKO-PC, 2016 WL 3879251, at *2 (E.D. Cal. July 18, 2016).

Here, neither of Plaintiff's Motions to Alter or Amend demonstrate that this Court disregarded, misapplied, or failed to recognize any controlling precedent when it dismissed his FAC without further leave to amend. *Id.* In fact, Plaintiff does not argue how or why the Court was mistaken, let alone "dead wrong," in determining that that his FAC violated Rule 8, or that his claims – all "inextricably intertwined" with San Diego Superior Court

family court and criminal law proceedings that were and remain ongoing – are *not* barred by *Rooker-Feldman* or *Younger. See id; Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1988) (federal court lacks jurisdiction over claims barred by *Rooker-Feldman*); *San Jose Silicon Valley Chamber of Commerce*, 546 F.3d at 1092 (*Younger* abstention applies not only where a federal action would interfere with a state criminal proceeding, but also to "state civil cases and state administrative proceedings").[2]

Plaintiff also seeks reconsideration of the Court's decision to deny him leave to amend on grounds that he is "still awaiting feedback from attorneys, the Institute of Justice and the ACLU regarding representation," (ECF No. 60 at 15), but he has failed to show why further amendment would not be futile. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (denial of leave to amend is appropriate when court has "determine[d] that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Finally, Plaintiff objects to the Court's decision to revoke his IFP status for purposes of appeal on grounds that one would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) (ECF No. 76 at 4-5). He does not show, however, why an appeal would not be frivolous. *See Hooker v. American Airlines*, 302 F.3d 1091 (9th Cir. 2002) (revocation of IFP status is appropriate where district court finds an appeal would be frivolous); *Neitzke v. Williams*, 490 U.S. 319, 328-30 (1989) (defining "frivolous" under § 1915 as "lack[ing] any arguable basis in fact or law."); *Guti v. INS*, 908 F.2d 495, 496 (9th Cir. 1990) (complaint or appeal lacks an arguable basis in law if "controlling authority requires a

---

[2] To the extent Plaintiff "disagrees" with the "notion" that 28 U.S.C. § 1915(e)(2) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim, because it represents a "prejudicial judgment" (ECF No. 76 at 3-4), the Ninth Circuit has noted that "Congress inserted § 1915(e)(2) into the in forma pauperis statute, and we must follow this clear statutory direction." *Lopez*, 203 F.3d at 1129 n.10.

finding that the facts alleged failed to establish even an "arguable legal claim").

Thus, because Plaintiff has failed to offer any valid basis upon which the Court might find its August 4, 2016 Order and Judgment of dismissal was clearly erroneous or manifestly unjust, relief is not warranted under FED. R. CIV. P. 59(e).

## IV. Conclusion and Order

Based on the foregoing, the Court:

1) **DENIES** Plaintiff's Motions to Alter or Amend Judgment pursuant to FED. R. CIV. P. 59(e) (ECF Nos. 60, 76), and re-affirms its August 4, 2016 Order and Judgment dismissing this civil action pursuant to FED. R. CIV. P. 8(a) and 28 U.S.C. § 1915(e)(2);

2) **DENIES** Plaintiff's Motions Requesting Removal of Defendants and Joinder of parties pursuant to FED. R. CIV. P. 19 as moot (ECF Nos. 62, 64, 66);

3) **RE-CERTIFIES** that an IFP appeal from either the August 4, 2016 Judgment, or this Order, would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to terminate this action and to accept no further filings, except a Notice of Appeal, for filing in this case.

**IT IS SO ORDERED**.

Dated: September 6, 2016

_____
Barry Ted Moskowitz, Chief Judge
United States District Court